1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAUNU RENAH WILLIAMS,

                        Plaintiff,

     v.

SAMUEL S. WARDEL, SUSAN I. BAUR,
and JASON H. LAURINE,

                 Defendants.

No. 12-5169 BHS/KLS

**ORDER TO AMEND OR SHOW CAUSE**

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  On February 27, 2012, Plaintiff filed a proposed civil rights complaint but paid no filing fee and submitted no application to proceed *in forma pauperis* (IFP).  ECF No. 1.  On March 2, 2012, the Clerk notified Plaintiff of the need to pay the filing fee or submit a completed IFP application.  ECF No. 2.  On March 5, 2012, Plaintiff submitted a Notice of Change of Address.  ECF No. 5.  Plaintiff is no longer incarcerated and his current address is in Portland, Oregon.  *Id.*  On April 30, 2012, the Court ordered Plaintiff to pay the filing fee or file an IFP application.  ECF No. 6.  On June 1, 2012, Plaintiff sent a letter to the Clerk asking for "federal counsel", a transfer of this case to the District Court in Portland, and for an extension of time.  ECF No. 7.  He also stated that he had paid the $350.00 filing fee.  The Clerk has confirmed that the $350.00 filing fee has been paid in this case.

      Accordingly, the Court has reviewed Plaintiff's proposed civil rights complaint.  ECF No. 1.  The complaint seeks primarily relief in habeas.  In addition, Plaintiff previously

ORDER TO AMEND OR SHOW CAUSE- 1

attempted to file this action as a habeas petition in Case No. C11-5571BHS.  That case was dismissed because Plaintiff failed to file a proper IFP application or pay the filing fee and because it appeared from the face of the proposed petition that he had most likely failed to exhaust his administrative remedies.  *See* ECF No. 72 therein.

The Court declines to serve the proposed civil rights complaint because it is deficient.  However, Plaintiff shall be given an opportunity to file an amended complaint or show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  See *Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)

ORDER TO AMEND OR SHOW CAUSE- 2

1   (citations omitted).  In other words, failure to present enough facts to state a claim for relief that

2   is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 570.

3       Although complaints are to be liberally construed in a plaintiff's favor, conclusory

4   allegations of the law, unsupported conclusions, and unwarranted inferences need not be

5   accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the Court

6   supply essential facts that an inmate has failed to plead.  *Pena*, 976 F.2d at 471 (quoting *Ivey v.*

7   *Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely

8   clear that amendment would be futile, however, a pro se litigant must be given the opportunity to

9   amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.

10  1987).

11      To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct

12  complained of was committed by a person acting under color of state law and that (2) the

13  conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws

14  of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds,

15  *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an

16  alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350,

17  1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

**A.      Deficiencies in Plaintiff's Complaint**

        In his complaint, Plaintiff alleges that he appeared *pro se* in state court before Judge

James Stonier and prosecutor Susan Baur for a probable cause hearing after he had advised his

attorney, Samuel S. Wardle, that he would be representing himself.  He alleges that Samuel S.

Wardle attempted to block his defense when he "broke confidentiality", committed perjury, and

obtained an "illegal psychological evaluation" from the judge.  The judge then set his trial sixty

ORDER TO AMEND OR SHOW CAUSE- 3

1   days out, violating his right to a speedy trial.  ECF No. 1, at 3.  He alleges further, that state

2   prosecutors, Susan I. Baur and Jason H. Laurine, allowed his speedy trial rights to be violated by

3   continuing to hold him in custody "until they could come up with an alibi of false hood [sic] to

4   keep me kidnapped imprison [sic]".  *Id.*   Plaintiff seeks "release from custody", as well as

5   punitive and compensatory damages.  *Id.*

6          Attached to Plaintiff's proposed complaint is a copy of the State of Washington's

7   response to a personal restraint petition filed by Plaintiff in the Supreme Court of Washington, in

8   which Plaintiff alleged that the finding of incompetency and order of referral to Western State

9   Hospital resulted in his being unlawfully restrained under Washington's RAP 16.4.  ECF No. 1,

10  at 5 (*State of Washington v. Williams*, No. 86493-4, Cowlitz Co. Cause No. 11-1-00588-4).

11  According to the State's response, Plaintiff was arrested on June 6, 2011 for theft of a motor

12  vehicle and hit and run.  On June 21, 2011, his defense counsel instructed the court that he had

13  concerns regarding Plaintiff's competency.  On August 9, 2011, defense counsel stipulated that a

14  Western State hospital evaluation established that Plaintiff was not competent.  A hearing to

15  determine whether or not Plaintiff was to be referred for restoration at Western State Hospital

16  was set for August 25, 2011.  On August 25, 2011, the hearing was set over to September 1,

17  2011 because the State was unable to subpoena the reviewing doctor.  On September 1, 2011, the

18  hearing was set over to September 8, 2011 because the reviewing doctor and assigned deputy

19  prosecutor were not available.  On September 8, 2011, a hearing was held and the court ordered

20  Plaintiff transferred to Western State Hospital for the purposes of restoration of competency.

21  ECF No. 1, at 8-9.  A search of the Washington Courts' case records reflects that the Washington

22  Supreme Court ruled on a motion for dismissal on March 16, 2012 and issued a Certificate of

ORDER TO AMEND OR SHOW CAUSE- 4

Finality in Case No. 864934 on May 1, 2012.  The Court does not have access to the pleadings filed in Case No. 864934.

In this case, Plaintiff alleges that his trial counsel and two prosecuting attorneys violated his right to a speedy trial.  ECF No. 1, at 4.  He seeks release from custody and monetary damages.  As noted above, Plaintiff is no longer incarcerated.  Therefore, his claim for release from custody is moot.  In addition, the Court is unable to discern from Plaintiff's complaint whether Plaintiff was ever convicted and whether he ever timely pursued relief from the state courts of that conviction.  As noted above, Plaintiff previously attempted to file a habeas petition in Case No. C11-5571BHS.  That case was dismissed because Plaintiff failed to file a proper IFP application or pay the filing fee and because it appeared from the face of the proposed petition that he had most likely failed to exhaust his administrative remedies.  *See* ECF No. 72 therein.

Before a § 1983 plaintiff may recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court.  *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).  If state remedies have not

ORDER TO AMEND OR SHOW CAUSE- 5

been exhausted, the district court must dismiss the petition.  *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

The fact that Plaintiff is no longer in custody and thus cannot overturn his prior conviction by means of habeas corpus does not lift *Heck's* bar.  Although exceptions to *Heck's* bar for plaintiffs no longer in custody may exist, as suggested by concurring members of the Supreme Court in *Spencer v. Kenna,* 523 U.S. 1, 19, 21, 118 S.Ct. 978 (1998) and adopted by the Ninth Circuit in *Nonnette v. Small,* 316 F.3d 872, 876-77 (9th Cir. 2002), it is unknown whether any of those exceptions apply here.

Plaintiff does not allege that the state court proceedings against him were terminated on the merits in his favor or were abandoned.  He does not allege that his state court conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  He does not allege that he has exhausted his state court remedies nor does he allege that he attempted to do so prior to his release.

Plaintiff is further advised that a state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the State's case is absolutely immune from a suit brought for damages under 42 U.S.C. § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 424, 427 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986) (en banc), "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process,'" *Burns v. Reed*, 500 U.S. 478, 486 (1991)(quoting *Imbler*, 424 U.S. at 431).  This is so even though the prosecutor has violated a plaintiff's constitutional rights, *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003), or the prosecutor acts with malicious intent,

ORDER TO AMEND OR SHOW CAUSE- 6

1

*Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir.), cert. denied, 546 U.S. 1031, 126 S.Ct. 736,

2

546 U.S. 1031, 126 S.Ct. 737, 546 U.S. 1032, 126 S.Ct. 749 (2005); *Ashelman*, 793 F.2d at 1078.

3

Plaintiff is also attempting to sue his defense counsel.  However, defense counsel is not a

4

state actor and therefore, not subject to suit under 42 U.S.C. § 1983.  *See West v. Atkins*, 487 U.S.

5

42 (1988) (when representing an indigent defendant in a state criminal proceeding, the public

6

defender does not act under color of state law for purposes of § 1983 because he is not acting on

7

behalf of the State; he is the State's adversary).

8

**B.      Request for Attorney**

9

In his letter to the Clerk, Plaintiff requests "federal counsel (attorney)."  There is no

10

constitutional right to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d

11

1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d

12

564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not

13

mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for

14

indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand*

15

*v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th

16

Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court

17

must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to

18

articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v.*

19

*Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954

20

(9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or

21

the legal issue involved and an inadequate ability to articulate the factual basis of his claim.

22

*Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

23

24

25

26

ORDER TO AMEND OR SHOW CAUSE- 7

Plaintiff has not yet plead a viable complaint under § 1983, much less shown that he is likely to succeed on the merits of his claims.  Therefore, his request for counsel is premature and is, therefore, **denied.**

**C.      Request for Transfer to Eastern District of Washington**

In his letter to the Clerk, Plaintiff also asks that this case be transferred to the "U.S. District Court House" in Portland, Oregon.  ECF No. 7.  Plaintiff has not yet plead a viable complaint under § 1983.  Therefore, the Court declines to rule on any motion for change of venue.  However, Plaintiff is advised that according to the facts set forth in his proposed complaint, venue is improper in the District of Oregon.

When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).  When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice."  *See* 28 U.S.C. § 1406(a).

**D.      Conclusion**

Due to the deficiencies described above, the Court will not serve the complaint. However, Plaintiff shall be given an opportunity to file an amended complaint to cure, if possible, the deficiencies identified by the Court.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)      the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

ORDER TO AMEND OR SHOW CAUSE- 8

(2)      the dates on which the conduct of each Defendant allegedly took place; and

(3)      the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.  The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.  The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's constitutional rights.

Accordingly, it is **ORDERED**:

ORDER TO AMEND OR SHOW CAUSE- 9

(1)     If Plaintiff decides to file an amended civil rights complaint in this action, he shall do so **on or before July 20, 2012.**  Plaintiff is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **July 20, 2012, the Court will recommend dismissal of this action.**

(2)     The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order.

**DATED** this  11th   day of June, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 10