UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAUNU RENAH WILLIAMS,

                Plaintiff,

   v.

SAMUEL S. WARDLE, SUSAN I. BAUR, JASON H. LAURINE,

                Defendants.

No. C12-5169 BHS/KLS

**REPORT AND RECOMMENDATION**
Noted For: November 2, 2012

Plaintiff, Maunu Renah Williams, proceeding *pro se,* has failed to keep this Court advised of his current address. It has been more than sixty days since the Court's latest mailing to Plaintiff was returned and the Court does not have a current address for the Plaintiff. Therefore, the undersigned recommends that the Court dismiss this action as Plaintiff appears to have abandoned his case.

**DISCUSSION**

On February 27, 2012, Plaintiff filed a proposed civil rights complaint but paid no filing fee and submitted no application to proceed *in forma pauperis* (IFP). ECF No. 1. On March 2, 2012, the Clerk notified Plaintiff of the need to pay the filing fee or submit a completed IFP application. ECF No. 2. On March 5, 2012, Plaintiff submitted a Notice of Change of Address reflecting a mailing address of 650 NW Irving, Portland, Oregon 97209. ECF No. 5.

REPORT AND RECOMMENDATION - 1

On April 30, 2012, the Court ordered Plaintiff to pay the filing fee or file an IFP application. ECF No. 6. On June 1, 2012, Plaintiff sent a letter to the Clerk asking for "federal counsel", a transfer of this case to the District Court in Portland, and for an extension of time. ECF No. 7. He also stated that he had paid the $350.00 filing fee. *Id.* After the Clerk confirmed that the $350.00 filing fee had been paid, the Court reviewed Plaintiff's proposed civil rights complaint, but declined to serve the complaint because of several deficiencies. The complaint sought relief primarily in habeas and Plaintiff had previously attempted to file this action as a habeas petition in Case No. C11-5571BHS. That case was dismissed because Plaintiff failed to file a proper IFP application or pay the filing fee and because it appeared from the face of the proposed petition that he had most likely failed to exhaust his administrative remedies. *See* ECF No. 72 therein. Despite these deficiencies, Plaintiff was given an opportunity to file an amended complaint or show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983. ECF No. 8. The Court's Order to Show Cause outlining the foregoing deficiencies was mailed to Plaintiff on June 11, 2012 at the Portland address provided to the Court. ECF No. 8. On July 5, 2012, Plaintiff mailed a letter to the Court requesting a "federal attorney" or the return of his $350.00. ECF No. 9. The Portland address is noted at the top of his letter. *Id.* However, on July 13, 2012, the Court's Order to Show Cause (ECF No. 8) was returned as "Not Deliverable as Addressed, Unable to Forward". ECF No. 10.[1]

The Court has no current address for Plaintiff and has received no further communication from Plaintiff.

---

[1] In Case No. 12-5122BHS, Mr. Williams provided the same address in Portland (650 NW Irving) and a second Portland address (1120 SW 3rd St). However, mail to the second Portland address was also being returned as undeliverable. *See* ECF No. 11 in Case No. 12-5122.

REPORT AND RECOMMENDATION - 2

Rule 41(b)(2) of the Local Rules provides:

A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the Post Office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

CR 41, Local Rules W.D. Wash.

## CONCLUSION

The Court should dismiss this action without prejudice for failure to prosecute pursuant to Local Rule 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 2, 2012**, as noted in the caption.

**DATED** this  15th  day of October, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3